793 So.2d 1281 (2001)
STATE of Louisiana, Appellee,
v.
James Andrew BOYLE, Appellant.
No. 34,686-KA.
Court of Appeal of Louisiana, Second Circuit.
September 17, 2001.
*1282 David L. White, Bossier City, Counsel for Appellant.
Richard P. Ieyoub, Attorney General, James M. Bullers, District Attorney, Robert R. Smith, Assistant District Attorney, Counsel for Appellee.
Before WILLIAMS, STEWART and PEATROSS, JJ.
WILLIAMS, Judge.
The defendant, James Andrew Boyle, was charged by bill of information with driving while intoxicated ("DWI"), 3rd offense, a violation of LSA-R.S. 14:98. The defendant's motion to suppress the evidence was denied. The defendant withdrew his initial plea of not guilty and entered a plea of guilty, reserving his right to appeal the denial of the motion to suppress.[1] The defendant was sentenced to serve five years at hard labor without benefit of parole, probation or suspension of sentence. All but six months of the sentence was suspended. Additionally, the defendant was ordered to pay a fine of $2,000. For the following reasons, the defendant's conviction and sentence are reversed.

FACTS
On April 30, 2000, the Bossier Parish Sheriff's Department, received an anonymous tip that a white pick-up truck with green stickers was traveling west on East McKinley Street and that the driver of the vehicle was intoxicated. This information was forwarded to the Haughton Police Department in Haughton, Louisiana. Haughton Police Officer Shawn Phillips was at the intersection of North Hazel and East McKinley Streets when he received the report regarding the anonymous tip. Officer Phillips responded to the call and reported that a vehicle and driver fitting the description given had passed through the intersection prior to the broadcast. Officer Phillips pursued the defendant's vehicle and observed the defendant parking his vehicle in the driveway at his residence. In his written report, Officer Phillips noted that he did not observe the defendant driving because "it was a short distance to the defendant's residence." Officer Phillips reported that as he approached the defendant's parked vehicle, he detected a strong odor of "alcoholic impurities" about his person and the defendant displayed poor balance.
Officer Rodney D. Christian, Jr. also responded to the report of a possible drunk driver. He arrived at the defendant's residence as Officer Phillips was conducting the field sobriety test. According to Officer Christian, the defendant stated that between 10:00 a.m. and approximately 15 minutes prior to his contact with Officer Phillips, he had consumed approximately twelve cans of beer. The defendant failed the field sobriety test with a blood alcohol content of .251 g%.[2]
The defendant was charged with DWI, 3rd Offense and sentenced to serve five *1283 years at hard labor, to be served without the benefit of parole, probation or suspension of sentence, all except six months of the sentence was suspended. The defendant filed a motion to suppress the evidence, alleging that the stop and arrest were unlawful. The trial court denied the defendant's motion to suppress. On August 28, 2000, the defendant pled guilty as charged, reserving his rights to appeal the trial court's denial of his motion to suppress. The defendant now appeals.

DISCUSSION
The defendant contends that the trial court erred in denying the motion to suppress. The defendant asserts that the anonymous caller was not credible and provided insufficient information to form the reasonable cause needed to stop the vehicle, therefore, the warrantless seizure and subsequent search were unconstitutional and a violation of the Fourth Amendment to the United States Constitution and Article I § 5 of the Louisiana Constitution. The state argues that after receiving the anonymous tip and locating the defendant, the officers did not search the defendant, but merely observed that he appeared to be intoxicated, which gave the reasonable cause for the subsequent arrest.
The right of law enforcement officers to stop and interrogate one reasonably suspected of criminal conduct is recognized by both federal and state jurisprudence. LSA-C.Cr.P. art. 215.1; Terry v. Ohio, 392 U.S. 1, 22, 88 S.Ct. 1868, 1880, 20 L.Ed.2d 889 (1968); State v. Bracken, 506 So.2d 807 (La.App. 1st Cir.), writ denied, 511 So.2d 1152 (La.1987).
The Fourth Amendment to the United States Constitution provides:
The right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.
LSA-Const. Article 1 § 5 provides:
Every person shall be secure in his person, property, communications, houses, papers and effects against unreasonable searches, seizures or invasions of privacy. No warrant shall issue without probable cause supported by oath or affirmation, and particularly describing the place to be searched, the persons or things to be seized, and the lawful purpose or reason for the search. Any person adversely affected by a search or seizure conducted in violation of this section shall have standing to raise its illegality in the appropriate court.
At the hearing on the motion to suppress, the parties stipulated to the admission of the written police reports of Officers Phillips and Christian in lieu of their live testimony. The stipulation provides this court with minimum information regarding the circumstances surrounding the investigative detention of the defendant. However, it is clear from the reports that the only information the officers had prior to approaching the defendant for an investigatory stop was an anonymous tip that the defendant was driving while intoxicated.
This court has held that the standard required for an investigative detention is the "reasonable suspicion of criminal activity" standard articulated in Terry v. Ohio, supra; State v. McVan, 32,434 (La.App.2d Cir.3/11/99), 744 So.2d 641. In the case of Florida v. J.L., 529 U.S. 266, 120 S.Ct. 1375, 146 L.Ed.2d 254 (2000), the United States Supreme Court held that an anonymous tip alone, is not sufficient to give a police officer reasonable suspicion of criminal activity to justify a Terry investigative *1284 stop. In that case, the police officers received an anonymous tip that a young black male, standing at a particular bus stop and wearing a plaid shirt, was carrying a gun. The officers went to that bus stop, identified the suspect and subsequently approached the suspect to investigate. During the course of the investigation, the officers frisked the suspect and discovered that he was carrying a gun. Apart from the tip, the officers had no other reason to suspect that the individual was involved in any criminal activity.
In the present case, it was noteworthy that Officer Phillips had been at the intersection of Hazel and McKinley when the defendant drove through that intersection immediately prior to the officer receiving the broadcast regarding the anonymous tip. The record reflects that the defendant turned almost immediately into his driveway and parked his vehicle as Officer Phillips pursued him. In Officer Phillip's report, there was no indication that he noticed any criminal activity or anything unusual about the defendant's driving prior to receiving the broadcast.
As in Florida v. J.L., supra, Officer Phillips, armed only with the anonymous tip, approached the defendant to investigate the claim that the defendant had been driving while intoxicated. The concern that the U.S. Supreme Court had in Florida v. J.L., supra, was not the Terry search for the gun, but the entire Terry investigatory stop, without the required reasonable suspicion of criminal activity.
Furthermore, unlike the suspect in Florida v. J.L., supra, the investigatory stop in this case took place on the defendant's private property, not in a public place. Our State constitution provides that our citizens are to be secure in their persons, property and houses from unreasonable searches and invasions of privacy. The facts provided do not indicate any exigent circumstances, usually associated with automobiles on public roads or public safety concern, to justify Officer Phillip's actions.
In Florida v. J.L., the U.S. Supreme Court further noted that its holding would have been different if the officers, after locating the suspect, had observed a firearm in his possession or observed the suspect engaged in criminal activity. Based on Florida v. J.L., the holding in the present case would be different if, prior to approaching the defendant to question him, the officers had observed the defendant engaged in criminal activity or driving in an unusual manner.
The concerns we have regarding anonymous tips is best summed up in a portion of Justice Kennedy and Chief Justice Renquist's concurring opinion in Florida v. J.L., supra:
When a police officer testifies that a suspect aroused the officer's suspicion, and so justifies a stop and frisk, the courts can weigh the officer's credibility and admit evidence seized pursuant to the frisk even if no one, aside from the officer and the defendant themselves, was present or observed the seizure. An anonymous telephone tip without more is different, however; for even if the officer's testimony about receipt of the tip is found to be credible, there is a second layer of inquiry respecting the reliability of the informant that cannot be pursued. If the telephone call is truly anonymous, the informant has not placed his credibility at risk and can lie with impunity. The reviewing court cannot judge the credibility of the informant and the risk of fabrication becomes unacceptable.
Florida v. J.L., 529 U.S. at 274-275, supra at 1381.
The facts presented in the instant case reflect that the investigatory stop of the defendant was unlawful under our state and federal constitutions, as analyzed by Terry v. Ohio, supra, and Florida v. J.L., *1285 supra. The trial court's denial of the defendant's motion to suppress was in error. Accordingly, the defendant's conviction and sentence are reversed. The defendant's motion to suppress is granted. The case is remanded to the trial court to allow the defendant an opportunity to withdraw his guilty plea and for further proceedings in accordance with the law.
For the foregoing reasons, the defendant's conviction and sentence are reversed, the motion to suppress is granted and the case is remanded.
REVERSED AND REMANDED.
PEATROSS, J., dissents with written reasons.
PEATROSS, J., dissenting.
I respectfully dissent.
The facts of record provide sufficient cause for Officer Phillips' actions in approaching Defendant and administering the field sobriety test. Officer Phillips received a broadcast from BSO (Bossier Sheriff's Office) reporting a suspected drunk driver in a white pick up truck with green stickers driving on McKinley Street in Haughton. Officer Phillips observed a truck matching that description proceed through an intersection on McKinley and turned his patrol car around to pursue the truck. Apparently, Defendant's residence was very near the intersection where Officer Phillips had seen him because Defendant was pulling into his driveway when Officer Phillips caught up with him. In his motion to suppress, Defendant stated that he "pulled into his driveway and [Officer Phillips] made contact with the defendant when the defendant was out of the vehicle." This indicates that Defendant had parked and exited the truck when Officer Phillips approached him; therefore, it is clear that Officer Phillips did not "stop" Defendant within the meaning of Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).
Officer Phillips, did, however, approach Defendant to investigate. The broadcast from BSO provided sufficient cause for that action. Once contact was made with Defendant, Officer Phillips noticed that Defendant was "displaying poor balance" and the officer detected "a strong odor of alcoholic impurities about [Defendant's] person." At this point, Officer Phillips had sufficient cause to believe that Defendant had been driving while intoxicated and was justified in conducting the field sobriety test. Officer Phillips' observations of Defendant create a significant distinction between the case sub judice and Florida v. J.L., 529 U.S. 266, 120 S.Ct. 1375, 146 L.Ed.2d 254 (2000), on which the majority relies. In Florida v. J.L., the Supreme Court held that an anonymous tip that an individual is carrying a gun is not sufficient to give an officer reasonable suspicion of criminal activity to justify a Terry stop and frisk. As the majority in the present case points out, in Florida v. J.L., the officers had no other reason to suspect criminal activity on the part of the defendant other than an anonymous tip prior to frisking the defendant. Moreover, the Supreme Court itself noted that in that case, "the officers' suspicion that J.L. was carrying a weapon arose not from their own observations but solely from a call made from an unknown location by an unknown caller." (Emphasis added.) To the contrary, Officer Phillips had the information from the BSO broadcast[1] plus his own *1286 observations of Defendant being unsteady on his feet and smelling strongly of alcohol.
For these reasons, I find no error in the trial court's denial of Defendant's motion to suppress and would, therefore, affirm Defendant's conviction and sentence.
NOTES
[1] State v. Crosby, 338 So.2d 584 (La.1976).
[2] At the time of the defendant's arrest, the legal blood alcohol concentration limit was 0.10 percent.
[1] As the State argued to the trial court and the trial court noted, it is interesting that there is nothing in the police report(s) which verifies that the information was received in the form of an anonymous tip. The record merely indicates that the complaint, which was initiated with the Bossier Sheriff's Office, was broadcast by radio from Bossier to the officers in Haughton.