1BROWN, C.J.
The state charged that on July 18, 2002, Rathal Steven Boothe drove while intoxicated. The defense filed a motion to suppress alleging that the traffic stop was violative of defendant’s constitutional rights. A hearing was held, and the court denied the motion. Defendant then pled guilty, reserving his right to seek review of the denial of the motion. This timely writ application followed.

Synopsis of Testimony

Deputy Phillips was driving northbound on Airline Drive in Bossier Parish, Louisiana, approximately a mile or a mile and a half from its intersection with Linton Road when the sheriffs dispatcher broadcast that a motorist phoned the sheriffs office stating that a gray pickup northbound on Airline Drive was driving erratically, weaving in the lanes, and, as it approached Linton Road, the truck ran over the temporary lane dividers. The motorist who stated that he was behind the truck advised that the pickup had just turned into the Presbyterian church parking lot at Linton Road and Airline Drive. Deputy Phillips arrived 30-40 seconds later.
*1141 When Deputy Phillips reached the church he saw the gray pickup in the parking lot with its headlights on and engine running. It was 10:30 p.m. and no other vehicle was in the parking lot. Deputy Phillips was unsure whether there was a medical problem or a D.W.I. situation. Deputy Phillips turned on his “take-down” lights and his emergency lights. The driver attempted to drive away; however, another police car arrived and pulled in front of the vehicle to keep defendant from leaving.
Deputy Phillips then walked up to the driver to ask if he was okay. Defendant was trying to unwrap a hamburger. He had red, glassy eyes, slurred speech and appeared to be “extremely intoxicated.”
| aDiscussion '
Defendant’s sole argument is that the stop was based only upon an anonymous tip and cites State v. Boyle, 34,686 (La.App.2d Cir.09/17/01), 793 So.2d 1281. We emphasize, however, that State v. Boyle was decided by a divided panel of this court and should be relegated to its facts. An investigatory stop on a public street or parking lot is legitimate if based upon reasonable, articulable suspicion. See Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). Whether such a reasonable suspicion exists depends upon the totality of the circumstances, giving due weight to the factual inferences drawn by the officer(s). See U.S. v. Arvizu, 534 U.S. 266, 122 S.Ct. 744, 151 L.Ed.2d 740 (2002).
The balance between the public interest in safety against the right to personal security tilts in favor of a brief investigatory stop based on less than probable cause but supported by reasonable, articu-lable suspicion. This allows officers to draw on their experience and specialized training to make inferences and deductions about the cumulative information available. Although each observation standing alone may not support such a stop, taken together as a whole, these observations and conclusions may suffice. U.S. v. Arvizu, supra.
In this instance, a motorist called the sheriffs department and reported that he/she was behind the pickup and described the erratic manner in which it was being driven. The assistant district attorney presented nothing to indicate whether this was an anonymous call. However, the arresting officer was within a mile of the scene and with reasonable speed reported to the church parking lot into which the truck had driven. It was 10:30 at night, and no one else was (or should have been) at the church. When the deputy pulled into the lot, defendant attempted to flee or evade. Such action was unprovoked. The deputy, who had twelve years experience in law enforcement, was faced with a vehicle posing a danger to human life. Protection of the public, as well as defendant, who may have had a serious medical problem, became paramount and justified a brief, limited intrusion. The totality of these circumstances supports the deputy’s brief approach to defendant to insure the safety of defendant as well as the public. The alternative was to allow defendant to drive away.
WRIT DENIED.