WELCH, J.
|2The defendant, Adam Anthony Barras, was charged by bill of information with one count of possession of heroin, a violation of La. R.S. 40:966(C). The defendant initially entered a plea of not guilty and filed a motion to suppress evidence. After the trial court denied the defendant’s motion to suppress, he entered a guilty plea pursuant to State v. Crosby, 338 So.2d 584 (La.1976), reserving his right to appeal the trial court’s ruling on the motion to suppress.
The trial court sentenced the defendant to serve five years at hard labor, suspended the sentence, and placed the defendant on probation for a period of five years with special conditions. The defendant now appeals, urging in a single assignment of error that the trial court erred in denying his motion to suppress the evidence, where the search in question was based solely on an uncorroborated anonymous tip.
FACTS
Since there was no hearing in this matter, we summarize the facts as described in the narrative provided by the police report.
On Thursday, May 29, 2008, at 8:45 p.m., Officer Chris Culotta of the Slidell Police Department was called to the area of Bayou Liberty and Front Street regarding a possible driving while intoxicated (DWI) incident. An anonymous caller was following a tan-colored Mercury Grand Marquis bearing Louisiana license plate number IXH944. Using a cellular phone, the call *1102 er provided the Slidell police dispatchers with up-to-date locations of the vehicle.
Officer Culotta located the vehicle eastbound on Old Spanish Trail as it was making a right turn onto Rama Street. Officer Culotta activated his red and blue emergency lights in order to conduct a traffic stop on the vehicle. |sThe driver, later identified as the defendant, did not stop until he parked in the driveway of 3235 Rama Street. The defendant stated he lived there with his grandparents. Three other officers with the Slidell Police Department arrived as back-up. Since the anonymous caller did not stop at the scene, no statement was obtained from him.
Officer Culotta observed the defendant lean over to the passenger floorboard and come up with a wallet. The defendant exited the vehicle without trouble, with his driver’s license in hand, and was able to answer all of the officer’s questions. Officer Culotta stated in his narrative report that, for the short time he followed the defendant’s vehicle, he did not witness any traffic violations.
Officer Culotta observed several syringes on the front passenger floorboard, including a used one, and asked the defendant if he was a diabetic. The defendant stated he was not and claimed the syringes belonged to a friend who had been in the vehicle earlier. Officer Culotta took a closer look at the front passenger floorboard and noticed a clear plastic container holding cotton swabs, a chap stick, and an aluminum foil packet. Officer Culotta opened the foil packet and found a brown-powder substance, which he believed was heroin. Next to the plastic container was a silver-colored tablespoon containing a dried crystal substance, also believed to be heroin. There were also six packaged syringes, one used syringe, and a lighter on the floorboard. These items were seized and later submitted for testing.
The defendant was arrested. The defendant later admitted to buying drugs in the city, then going to the home of a friend, where he “shot up” his portion of the drugs, took some syringes, and drove home, where he was arrested.
The record reflects that on August 20, 2008, defendant filed a motion to | ¿suppress the evidence, arguing the sole basis of the stop of his vehicle was an anonymous tip. The minute entry of August 20, 2008, indicates the trial court took the matter under advisement. On August 21, 2008, the State filed a memorandum summary of the facts and attached the supplemental nai'rative of Officer Culotta. In opposing the defendant’s motion, the State argued that because of the anonymous tip that the defendant was driving under the influence and the fact that the defendant failed to immediately stop when Officer Culotta activated his lights, the totality of the circumstances gave Officer Culotta reasonable suspicion to stop the defendant’s vehicle.
There was no hearing on the defendant’s motion to suppress; rather, the trial court denied the motion at the beginning of the trial. Following denial of his motion to suppress, the defendant entered a guilty plea under State v. Crosby.
MOTION TO SUPPRESS EVIDENCE
The defendant argues the trial court erred in denying his motion to suppress evidence because the sole basis of the stop came from an anonymous tip.
The Fourth Amendment to the United States Constitution and Article I, § 5, of the Louisiana Constitution protect people against unreasonable searches and seizures. Subject only to a few well-established exceptions, a search or seizure conducted without a warrant issued upon probable cause is constitutionally prohibit *1103 ed. Once a defendant makes an initial showing that a warrantless search or seizure occurred, the burden of proof shifts to the State to affirmatively show it was justified under one of the narrow exceptions to the rale requiring a search warrant. See La. C.Cr.P. art. 703(D); State v. Lowery, 2004-0802, p. 6 (La.App. 1st Cir. 12/17/04), 890 So.2d 711, 717, writ denied, 2005-0447 (La.5/13/05), 902 So.2d 1018.
|sThe decision to stop an automobile is reasonable if the police have probable cause to believe a traffic violation has occurred. Whren v. United States, 517 U.S. 806, 810, 116 S.Ct. 1769, 1772, 135 L.Ed.2d 89 (1996). As the Louisiana Supreme Court indicated in State v. Smith, 2000-1838, p. 1 (La.5/25/01), 785 So.2d 815, 816 (per curiam), “[a]n anonymous tip may provide probable cause for an arrest, Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), or reasonable suspicion for an investigatory stop, Alabama v. White, 496 U.S. 325, 110 S.Ct. 2412, 110 L.Ed.2d 301 (1990), if it accurately predicts future conduct in sufficient detail to support a reasonable belief that the informant had reliable information regarding the suspect’s illegal activity.”
The defendant relies on State v. Boyle, 34,686 (La.App. 2nd Cir.9/17/01), 793 So.2d 1281, in which the sheriffs department received an anonymous tip that the driver of a particular vehicle was intoxicated. The information was forwarded to an officer who observed a vehicle matching the description. The officer pursued the vehicle and observed the driver almost immediately park his car in the driveway of his residence. Relying on Florida v. J.L., 529 U.S. 266, 120 S.Ct. 1375, 146 L.Ed.2d 254 (2000), the Second Circuit reversed the trial court’s denial of the motion to suppress. The court noted that the officer did not notice any criminal activity or anything unusual about the defendant’s driving.
In Florida v. J.L., the police received an anonymous tip that a young African-American male standing at a particular bus stop and wearing a plaid shirt was carrying a gun. The officers arrived at the location about six minutes after receiving the report from the dispatcher and saw three African-American males standing at the bus stop, including the defendant, a juvenile, who was wearing a plaid shirt. Although the police did not see a firearm and |fiobserved no other unusual or suspicious behavior, the officers immediately approached the defendant, told him to place his hands on the bus stop sign, frisked him, and removed a gun from his pocket. Florida v. J.L., 529 U.S. at 268, 120 S.Ct. at 1377. The Florida Supreme Court held that the evidence should be suppressed, and the United States Supreme Court affirmed that decision. Florida v. J.L., 529 U.S. at 269, 120 S.Ct. at 1377-78.
In reviewing the Florida Supreme Court’s ruling, the United States Supreme Court said that, unlike a tip from a known informant whose reputation can be assessed and who can be held responsible if the allegations turn out to be fabricated, an anonymous tip alone seldom demonstrates the informant’s basis of knowledge or veracity. The United States Supreme Court recognized that there are situations in which an anonymous tip, suitably corroborated, exhibits sufficient indicia of reliability to provide reasonable suspicion to make an investigatory stop. Florida v. J.L., 529 U.S. at 270, 120 S.Ct. at 1378. One such situation occurred in Alabama v. White, where the police received an anonymous tip asserting that a woman was carrying cocaine and predicting that she would leave an apartment building at a specified time, get into a car matching a particular description, and drive to a named motel. After police observation *1104 showed that the informant had accurately predicted the woman’s movements, it became reasonable for the police to think the tipster had inside knowledge about the suspect and to credit his assertion about the cocaine. Alabama v. White, 496 U.S. at 326-32, 110 S.Ct. at 2414-17.
Unlike the situation in White, the United States Supreme Court said the anonymous call in Florida v. J.L. lacked a moderate indicia of reliability, because it provided no predictive information and therefore left the police without any means to test the informant’s knowledge or credibility. The court [yStated:
An accurate description of a subject’s readily observable location and appearance is of course reliable in this limited sense: It will help the police correctly identify the person whom the tipster means to accuse. Such a tip, however, does not show that the tipster has knowledge of concealed criminal activity. The reasonable suspicion here at issue requires that a tip be reliable in its assertion of illegality, not just in its tendency to identify a determinate person.
Florida v. J.L., 529 U.S. at 272, 120 S.Ct. at 1379.
In State v. Boyle, the Second Circuit faced a situation where the police were acting only on an anonymous tip that defendant was driving while intoxicated. The facts of Boyle revealed that the Haughton police received an anonymous tip that a white pickup truck with green stickers was traveling west on East McKinley Street and the driver of the vehicle was intoxicated. The police dispatcher forwarded this information to an officer at the intersection of North Hazel and East McKinley Streets. That officer had just seen a vehicle and driver fitting the description proceed through the intersection prior to the broadcast. The officer pursued defendant’s vehicle and observed him parking his vehicle in the driveway of his residence. The officer noted that he did not observe the defendant’s driving, because of the short distance to defendant’s residence. As the officer approached defendant in his parked vehicle in his driveway, he detected the strong odor of alcohol and defendant displayed poor balance. State v. Boyle, 34, 686 at pp. 1-2, 793 So.2d at 1282.
In finding that the police unconstitutionally stopped defendant, the Second Circuit reiterated the United States Supreme Court’s concerns regarding police officers acting solely on anonymous tips. These concerns include the notion that an anonymous informant does not place his credibility at risk, and he can lie with impunity. Because the reviewing court cannot judge the credibility of the informant, the risk of fabrication becomes ^unacceptable. State v. Boyle, 34,686 at p. 6, 793 So.2d at 1284-1285. Using the rationale that a police investigatory stop based solely on an anonymous tip was unlawful under Terry v. Ohio, 392 U.S. 1, 22, 88 S.Ct. 1868, 1880, 20 L.Ed.2d 889 (1968), and Florida v. J.L., 529 U.S. at 274, 120 S.Ct. at 1380, the Second Circuit found the trial court’s denial of the motion to suppress erroneous. State v. Boyle, 34,686 at p. 6, 793 So.2d at 1284-1285.
The defendant contends that the facts in the instant case present the same scenario as Boyle, in that the defendant was stopped based solely on an anonymous tip.[1] *1105 While we agree that defendant was stopped solely because an anonymous tip provided information to the police that he was driving under the influence, we decline to adopt the approach taken by the Second Circuit and find the trial court in this case correctly determined the stop was constitutional.
In Florida v. J.L., the United States Supreme Court specifically declined to speculate about circumstances in which the danger alleged by an anonymous tip might be so great as to justify a search without a showing of reliability. “We do not say, for example, that a report of a person carrying a bomb need bear the indicia of reliability we demand for a report of a person carrying a firearm before the police can constitutionally conduct a frisk.” Florida v. J.L., 529 U.S. at 273-74, 120 S.Ct. at 1380.
A survey of other jurisdictions reveals that other courts have recognized that an intoxicated person behind the wheel of a car presents an imminent danger to the public that is difficult to thwart by means other than a Terry stop. People v. Shafer, 372 Ill.App.3d 1044, 311 Ill.Dec. 359, 868 N.E.2d 359, 365 (4th Distg007).g Other jurisdictions have recognized that the danger presented to the public by an impaired driver is so great that it would be against the public interest to impose verifiable conditions on an anonymous tip prior to allowing an investigatory stop on the basis of such a tip. See United States v. Wheat, 278 F.3d 722, 732 n. 8 (8th Cir.2001), cert. denied, 537 U.S. 850, 123 S.Ct. 194, 154 L.Ed.2d 81 (2002); State v. Tucker, 19 Kan.App.2d 920, 931, 878 P.2d 855, 864 (1994); State v. Stolte, 991 S.W.2d 336, 343 (Tex.App.1999).[2]
We find that the strong interest in public safety supersedes any expectation of privacy and justifies an investigatory stop of a vehicle based solely on an anonymous tip that the driver may be driving under the influence. Despite the concerns over a lack of reliability of an anonymous tip, we note that in the present scenario, a call placed from a cellular phone to the police reporting the in-time movement of the suspected driver which also included identification of the vehicle being driven by make, model, color, and license plate number, carried an enhanced reliability based on the police officer’s ability to locate the driver based on this information. Second, the conduct at issue is the temporary investigative stop of a vehicle based on reasonable suspicion, not the more intrusive probable cause search of its contents or arrest of its driver, which would be governed by different rules. Third, an intoxicated or erratic driver poses a significant risk of death or injury to himself and to the public and, as such, that factor is substantial in evaluating the reasonableness of the stop itself. See State v. Golotta, 178 N.J. 205, 217-218, 837 A.2d 359, 366 (2003) (wherein the New Jersey Supreme Court using similar considerations reduced the degree of | l0corroboration necessary to uphold the stop of a motorist suspected of erratic driving who had been reported by an anonymous caller).
Given these considerations, we cannot say the trial court erred in denying defendant’s motion to suppress evidence simply because the investigatory stop was the result of an anonymous tip.
This assignment of error is without merit.
*1106 CONCLUSION
For the foregoing reasons, the defendant’s conviction and sentence are affirmed.
CONVICTION AND SENTENCE AFFIRMED.
PARRO, J., dissents and assigns reasons.
McCLENDON, j., agrees and assigns additional reasons.

. The State attempts to factually distinguish this case by arguing that the defendant’s failure to immediately stop his vehicle once Officer Culotta activated his emergency lights, added to the totality of the circumstances supporting the probability that the defendant was engaged in a criminal act. However, we note that once Officer Culotta activated his emergency lights, he had initiated the investí- *1105 gatory stop, and thus the fact that the defendant did not immediately stop is not relevant.

. Senior Judge Karl B. Grabe, Stopping Drunk Drivers Based on Anonymous Tips: Emerging and Helpful Trends in Appellate Decisions, Highway to Justice, Winter 2009, at 3.