Newport District Court
No. 2011-083

### THE STATE OF NEW HAMPSHIRE

v.

### ROBERT BAKER

Argued: June 7, 2012
Opinion Issued: October 30, 2012

*Michael A. Delaney*, attorney general (*Nicholas Cort*, assistant attorney general, on the memorandum of law and orally), for the State.

*Decato Law Office*, of Lebanon (*Brad W. Wilder* on the brief and orally), for the defendant.

CONBOY, J. The defendant, Robert Baker, appeals an order of the Newport District Court (*Cardello*, J.) denying his petitions to annul his criminal records. We reverse in part, vacate in part, and remand.

The following facts are derived from the record. In April 2010, the defendant sought to annul the records associated with the following misdemeanors: (1) his 1993 conviction for disorderly conduct, *see* RSA 644:2 (1986) (amended 2005); (2) his three 1997 convictions for simple assault, *see* RSA 631:2-a (2007); (3) his 1997 conviction for resisting arrest, *see* RSA 642:2 (2007) (amended 2007); (4) his 2003 conviction for criminal threatening, *see* RSA 631:4 (Supp. 2002) (amended 2003, 2010); (5) his 2003 conviction for simple assault, *see* RSA 631:2-a; (6) a reported 2004 arrest for simple assault for which he was never prosecuted, *see* RSA 631:2-a; and (7) a reported 2004 arrest for criminal threatening for which he was never prosecuted, *see* RSA 631:4 (2007) (amended 2010).

To support his petitions, he submitted the results of the annulment investigations conducted by the New Hampshire Department of Correc-

tions (DOC). The DOC recommended that the court grant each of the defendant's petitions regarding offenses for which he was convicted because the petitions appeared to be "beneficial[ ]" to him. With regard to the two 2004 offenses for which the defendant was never prosecuted, the DOC noted that there were no records to show that the defendant had ever been arrested for these offenses, and there were "definitely" no records to show that he had been convicted of them. The DOC opined that these were mistaken entries on the defendant's record.

In November 2010, the trial court held a hearing on the defendant's annulment petitions based upon offers of proof. The defendant and his attorney were present; the State did not appear.

The defendant's attorney explained that the convictions at issue "were the product of alcohol abuse," and that since his last conviction in 2003, the defendant had "made efforts to turn his life around." Since 2003, the attorney said, the defendant has been actively involved in a "Living Sober" group that meets on Sunday mornings and Alcoholics Anonymous, attending two meetings weekly and sponsoring others in that program. The attorney said that "a couple" of the offenses involved the defendant's wife and that the couple had worked through their issues and recently celebrated nine years together. The defendant's wife has also ceased drinking, and the household is now alcohol-free. The attorney reported that the defendant has a commercial driver's license and that he now is "a delivery guy," who "drives a tractor trailer."

The defendant also addressed the court at the hearing, telling the court that he took "full responsibility for everything" that had happened in his life. He told the court that it took him some time to realize that although he thought alcohol was his "best friend," it was really his "worst enemy." The defendant told the court that Alcoholics Anonymous was "a big part" of his life, and that he liked "waking up in the morning with a clear head."

Following the hearing, the trial court denied all of the defendant's petitions, stating, in pertinent part:

> The statute makes it clear that the defendant is not entitled to have his criminal record annulled, but rather the court "may" grant annulment if it finds it to be "consistent with the public welfare." The Court is not persuaded that annulment of this defendant's record of conviction for Criminal Threatening, Simple Assault, Resisting Arrest and Disorderly Conduct, together with his records of arrests for additional counts of the same offenses, is consistent with the public welfare. The defendant has a long record of violent criminal behavior, stretching over a significant

period of time, and was incarcerated on multiple occasions. It would be inappropriate, and inconsistent with the public welfare, to grant these petitions.

The defendant unsuccessfully moved for reconsideration and submitted a letter from the chief of his town's police department to support his motion. In his letter, the chief observed that the defendant was "doing what we hope so many offenders do; take responsibility for his actions, stop the behavior that is contributing to his problems and become a valuable member of society." The State "[took] no position" on the defendant's motion. This appeal followed.

We review the trial court's denial of the defendant's petitions for annulment under our unsustainable exercise of discretion standard. *See State v. Meister*, 125 N.H. 435, 438 (1984); *cf. State v. Lambert*, 147 N.H. 295, 296 (2001) (explaining unsustainable exercise of discretion).

RSA 651:5 (Supp. 2012) provides, in pertinent part, that except for certain defined crimes, which do not include any of the offenses for which the defendant in this case was convicted or arrested, "the record of arrest, conviction and sentence of any person may be annulled . . . at any time" in response to a timely petition for annulment "if in the opinion of the court, the annulment will assist in the petitioner's rehabilitation and will be consistent with the public welfare." RSA 651:5, I; *see* RSA 651:5, V (violent crimes, crime of obstruction of justice, and any offense for which petitioner received extended imprisonment term are not eligible for annulment), XIII (defining violent crimes). Under RSA 651:5, II, "[a]ny person whose arrest has resulted in a finding of not guilty, or whose case was dismissed or not prosecuted, may petition for annulment of the arrest record or court record, or both, at any time in accordance with the provisions of this section."

The State does not oppose the defendant's appeal of the trial court's denial of his petitions to annul the records of the two 2004 arrests. The State observes that "there is no evidence that any charges were filed or any other action taken" with regard to these offenses. Moreover, the record submitted on appeal does not demonstrate that these offenses even involved actual arrests. The DOC's records state that there were "no arrest[s]" for the 2004 offenses; thus, it appears that inclusion of these two "arrests" on the defendant's record was the result of mistake. Under these circumstances, we conclude that the trial court erred when it denied these two petitions for annulment. Accordingly, we reverse the trial court's denial of the defendant's petitions to annul the records of the 2004 reported arrests for simple assault and criminal threatening.

■ The trial court stated that based upon the 2004 reported arrests, in part, it was not persuaded that annulling the defendant's convictions was consistent with the public welfare. *See* RSA 651:5, I. Because we are unable to determine on the record before us how the trial court would have ruled had it not considered the 2004 arrests, we vacate its decision and remand for further proceedings. *See State v. Sousa*, 151 N.H. 297, 305 (2004) (remand required when unclear weight trial court gave to factors comprising totality of circumstances test); *cf. Lambert*, 147 N.H. at 296 (if improper evidence is admitted in sentencing, sentence must be reconsidered unless trial court clearly gave that evidence no weight).

■ On remand, the trial court may not consider simply the fact of the defendant's convictions without considering the specific facts and circumstances that led to them. The legislature has already determined that certain crimes are eligible for annulment, and others are not. *See* RSA 651:5. Accordingly, it would be inconsistent with legislative intent for a trial court to deny a petition to annul the record of an offense, which the legislature has determined is eligible for annulment, solely because the defendant was convicted of that offense. In deciding whether annulment is consistent with the public welfare, the trial court should weigh the factors in favor of annulment, such as evidence of the defendant's exemplary conduct and character since his last conviction, against the public interest in keeping his convictions a matter of public record. *Cf. In re Lobasso*, 33 A.3d 540, 548 (N.J. Super. Ct. App. Div. 2012) (discussing expunging criminal records under statute requiring State to prove that "need for the availability of records" outweighs "desirability of having a person freed from any disabilities" associated with criminal record (quotations omitted)). Thus, in exercising its discretion, the court may consider such factors as the number and circumstances of the convictions at issue, the defendant's age at the time of each conviction, the time span of the convictions, and the particular manner in which annulment would aid the defendant's rehabilitation — for example, by allowing him to obtain a professional license or to pursue a calling otherwise prohibited to those convicted of a crime. By identifying potential factors, we do not intend to limit the court's discretion to consider any relevant factor.

> *Reversed in part; vacated in part; and remanded.*

DALIANIS, C.J, and HICKS and LYNN, JJ., concurred.