# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2014-0272, <u>State of New Hampshire v. Angelo Palmer</u>, the court on January 20, 2015, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case.  <u>See</u> <u>Sup. Ct. R.</u> 18(1).  We reverse and remand.

The defendant, Angelo Palmer, appeals the denial by the Circuit Court (<u>Carroll</u>, J.) of his petitions to annul the record of his conviction for violation level simple assault, <u>see</u> RSA 631:2-a (2007), and his arrest for misdemeanor sexual assault, <u>see</u> RSA 632-A:4 (Supp. 2014).  He contends that:  (1) the trial court erred by denying his petitions "on a subjective judgment that not enough time had passed, despite the legislature's judgment to the contrary"; (2) the evidence was insufficient to justify denying his petitions; and (3) RSA 651:5, II (Supp. 2014) does not require "a judicial finding that annulment of a non-conviction must be consistent with the public welfare."

We review the trial court's denial of petitions for annulment under our unsustainable exercise of discretion standard.  <u>State v. Baker</u>, 164 N.H. 296, 299 (2012).  In exercising this discretion, the trial court must determine, based upon a thorough review of the unique circumstances surrounding each petition, whether granting the requested annulment will "assist in the [defendant's] rehabilitation" and also be "consistent with the public welfare."  <u>State v. Meister</u>, 125 N.H. 435, 438 (1984); RSA 651:5, I (Supp. 2014).  The trial court may not consider simply the fact of the defendant's charge and conviction without considering the specific facts and circumstances that led to them.  <u>Baker</u>, 164 N.H. at 300.  It would be inconsistent with legislative intent for a trial court to deny a petition to annul the record of an offense that the legislature has determined is eligible for annulment solely because the defendant was convicted of that offense.  <u>Id</u>.  Moreover, the trial court is required to hold a hearing on an annulment petition unless the petition is unopposed and summarily granted.  <u>See</u> <u>Dist. Div. R.</u> 2.18(E); <u>but</u> <u>see</u> RSA 651:5, I (allowing court to grant or deny annulment without a hearing, unless hearing is requested by petitioner).

In this case, the office of the county attorney, which had not prosecuted the defendant and had not contacted the victim, objected to the petitions, asserting the basis for its objections in only a single sentence:  "Although the conviction is for a violation level offense, given the circumstances of the original charge, more time should pass before an annulment is granted."  It did not

specify the circumstances to which it referred and gave no information regarding the charge and conviction, other than that the sexual assault charge was dismissed and the defendant pleaded guilty to simple assault. See Baker, 164 N.H. at 300 (holding trial court may not deny annulment solely on basis of charge and conviction). Furthermore, it did not explain how its assertion that "more time should pass" was consistent with the legislature's determination that the charge and conviction were ripe for annulment. See RSA 651:5, II (allowing annulment at any time of arrest that was not prosecuted); RSA 651:5, III(a) (Supp. 2014) (allowing annulment of most violation offenses one year after sentence completed).

Furthermore, the county attorney's office specifically stated that it did "not request a hearing to be heard on the matter." Instead, it relied exclusively upon its half-page pleading. See Baker, 164 N.H. at 300. The defendant also did not request a hearing, and the trial court did not hold one. The trial court found only that "[t]he Court does not find, at this time, the annulment is consistent with public welfare." It did not identify: what unique circumstances it was relying upon, other than the charge and conviction; whether annulment would assist in the defendant's rehabilitation; how annulment would harm the public welfare; or why the petitions should not be granted "at this time."

Even in its objection to the defendant's motion to reconsider, the county attorney's office did not specify any unique circumstances. It argued only that, in his reconsideration motion, the defendant stated that he "may be placed in a position wherein he would need to explain his record to potential employers or admissions representatives," but that he did not say he "has indeed been in this position or will be in the future."

Even were we to agree with the State that we should "presume that the 'unprivileged physical contact' to which the defendant pled guilty was sexual," such a presumption would not itself justify denial of the petition for annulment. Even if the defendant had been convicted of misdemeanor sexual assault, the trial court would still have been required to consider the specific facts and circumstances that led to the conviction before ruling upon the annulment petitions. See Baker, 164 N.H. at 300. The State argues that "[w]here the defendant asserted that he intended to coach children's sports, and where the victim in this case was only fifteen, the court was justified in its evident concern that annulment could increase the likelihood that the defendant would re-offend." However, the county attorney did not present this argument to the trial court in its one sentence explanation for its objection to the petitions, nor did it articulate any specific circumstances that would render an annulment contrary to the public welfare. Further, it did not remind the court that, at the time of the offense, the defendant was only seventeen years old.

2

Under these circumstances, we conclude the trial court unsustainably exercised its discretion by denying the petitions. Accordingly, we reverse the trial court's denial of the petitions and direct the trial court, upon remand, to grant the annulments. In view of the fact that the county attorney did not request a hearing and relied exclusively upon its summary objection to the petitions, we conclude that a hearing on remand is not warranted. In light of this order, we need not address the defendant's remaining arguments.

Reversed and remanded.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,**
**Clerk**